**STATE OF ALABAMA, ex rel. Charles A. GRADDICK, Attorney General; and the Alabama Department of Environmental Management, Plaintiffs,**

v.

**VETERANS ADMINISTRATION, an agency of the United States Government; et al., Defendants.**

Civ. A. No. 86–H–465–E.

United States District Court, M.D. Alabama, E.D.

Nov. 7, 1986.

Charles A. Graddick, Atty. Gen., Kerry J. Allen, Asst. Atty. Gen., Ala. Dept. of Environmental Management, Montgomery, Ala., for plaintiffs.

Robison & Belser, John M. Bolton, III, Montgomery, Ala., for defendant Skuba Co.

London, Yancey & Elliott, Thomas R. Elliott, Jr., Birmingham, Ala., for defendant Webb.

F. Henry Habicht, II, Asst. Atty. Gen., George B. Henderson, II, U.S. Dept. of Justice, Land & Natural Resources Div., Environmental Defense Section, Washington, D.C., John C. Bell, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., for Veterans Admin. and Turnage.

## MEMORANDUM OPINION AND ORDER

HOBBS, Chief Judge.

The plaintiffs, the State of Alabama, State Attorney General Charles Graddick, and the Alabama Department of Environmental Management (ADEM), have brought suit against the Veterans Administration (VA), general contractor Webb Mechanical Enterprises, Inc. (Webb), and its subcontractor William C. Skuba Co., Inc. (Skuba) for violations of state and federal air pollution control laws occurring during the asbestos removal efforts at the VA's medical facility in Tuskegee, Alabama. The plaintiffs base their claim upon provisions of the Federal Clean Air Act, 42 U.S.C. § 7401, *et seq.*, federal regulations governing asbestos removal, 40 C.F.R. Part 61, and corresponding state statutes and regulations.

The defendant Skuba has filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, along with numerous other grounds. The defendant Webb filed both a motion to dismiss the complaint and a motion to dismiss the amended complaint, citing additional grounds in support thereof. The defendant VA also filed motions to dismiss the complaint and the first amended complaint. In accordance with Rule 12(b), as the defendant VA has presented matters outside the pleadings along with its motion to dismiss for failure to state a claim upon which relief may be granted, this Court will treat its motion as one for summary judgment pursuant to Rule 56.

After a careful examination of each of the defendants' claims, this Court finds them to be without merit and hereby DENIES said motions. The defendants' contentions will be treated in order as much as possible. However, since the defendants' claims that the plaintiffs do not have standing to raise a federal claim and that their federal claim cannot be raised against these defendants raise the issue of this Court's subject matter jurisdiction, these issues will be treated first.

■ This Court has original jurisdiction over actions arising under federal law, pursuant to 28 U.S.C. § 1331, and actions in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff, pursuant to 28 U.S.C. § 1361. The federal laws in question are the Federal Clean Air Act, 42 U.S.C. § 7401, *et seq.* and the related federal regulations. The plaintiffs have based their standing to raise their claims

under this statute on 42 U.S.C. § 7412(d)(1), granting the states enforcement authority over emission standards for hazardous air pollutants, § 7418(a), mandating federal compliance with state air pollution control laws, and § 7604, the federal statute's citizen suit provisions. This Court finds that these provisions both grant the plaintiffs standing to bring this action and create liability for violations in each of the defendants.

42 U.S.C. § 7412(d)(1) states:

Each State may develop and submit to the Administrator [of the Environmental Protection Agency] a procedure for implementing and enforcing emission standards for hazardous air pollutants for stationary sources located in such State. If the Administrator finds the State procedure is adequate, he shall delegate to such State any authority he has under this chapter to implement and enforce such standards.

42 U.S.C. § 7418(a) states:

Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge of air pollutants, and each officer, agent, or employee thereof, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of air pollution in the same manner, and to the same extent as any nongovernmental entity. The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any record-keeping or reporting requirement, any requirement respecting permits and any other requirement whatsoever), (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner. This subsection shall apply notwithstanding any immunity of such agencies, officers, agents or employees under any law or rule of law. No officer, agent, or employee of the United States shall be personally liable for any civil penalty for which he is not otherwise liable.

42 U.S.C. § 7604(a) states:

Except as provided in subsection (b) of this section (concerning notice to the EPA), any person may commence a civil action on his own behalf—

(1) against any person including (i) the United States, and (ii) any other governmental instrumentality or agency ... who is alleged to be in violation of (A) an emission standard or limitation ...

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, ...

In *Hancock v. Train*, 426 U.S. 167, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976), the Supreme Court held that states can not bring compliance suits against federal facilities under § 7418 but that they can bring citizen suits under § 7604. Accordingly, both case law and the relevant statutory provisions compel the conclusion that states may bring citizen suits against federal agencies for violations of emission standards. However, this Court finds that the plaintiffs also have standing to bring this suit under § 7412. Section 7412(d)(1) gives Alabama the authority to enforce emission standards for hazardous air pollutants if its implementation plans are approved by the EPA. Since the EPA has so approved Alabama's implementation plan and asbestos has been declared a hazardous air pollutant, Alabama has the same authority as the EPA to enforce asbestos emission standards. As persons performing asbestos removal on a federal facility under a contractual agreement with a federal agency, defendants Webb and Skuba are operators "of a demolition or renovation operation," see 40 C.F.R. § 61.147, subject to both state and federal regulations governing asbestos removal at a federal site. Consequently,

§ 7604(a) and § 7412(d)(1) provide both subject matter jurisdiction and the plaintiffs' standing to bring this suit against both the federal and nonfederal defendants.

■ The defendants also allege that the Court lacks subject matter jurisdiction over this action in that the complaint fails to allege a continuing and ongoing violation of an emission standard. The Fifth Circuit has held in *Hamker v. Diamond Shamrock Chemical Co.*, 756 F.2d 392 (5th Cir. 1985) that plaintiffs must allege ongoing violations of the Federal Water Pollution Control Act under its citizen suit provision, 33 U.S.C. § 1365(a). This is a minority interpretation of the citizen suit provision of the Federal Water Pollution Control Act, and has been severely criticized in other circuits as unduly restricting the ability of citizens to enforce pollution standards and limitations. See, for example, *Cheasapeake Bay Foundation v. Gwaltney of Smithfield, Ltd.*, 791 F.2d 304 (4th Cir. 1986). District courts in the First, Second and Third Circuits also have not followed the Fifth Circuit rule. See, for example, *Sierra Club v. Aluminum Co. of America*, 585 F.Supp. 842 (N.D.N.Y.1984); *Connecticut Fund for the Environment v. The Job Plating Co., Inc.*, 623 F.Supp. 207 (D.Conn 1985); *Locust Lane v. Swarta Township Authority*, 636 F.Supp. 534 (M.D.Pa.1986). The better rule of law appears to be that citizen suits may be brought to address past violations as well as ongoing violations.

■ The federal defendant, VA, also raises the issue of sovereign immunity. While the VA is correct in stating that 28 U.S.C. § 1331 has never been construed to constitute a waiver of sovereign immunity and that waiver must be found, if at all, in the underlying statute, the VA incorrectly contends that *Hancock* still bars compliance suits by states against federal facilities. 42 U.S.C. § 7418, as amended, clearly provides that federal agencies and facilities must comply with all state regulations concerning air pollution and are subject to all state sanctions for violations thereof. The legislative history of the 1977 amendments to the Clean Air Act clearly indicate Congress' intention of overruling the *Hancock* decision. See H.R.Rep. No. 294, 95th Cong., 1st Sess. (May 12, 1977), *reprinted in* 1977 U.S. Code Cong. & Ad. News 1077–1280.

> In the committee's view, the language of existing law should have been sufficient to insure Federal compliance in all the aforementioned situations. Unfortunately, however, the United States Supreme Court construed section 118 narrowly in *Hancock v. Train* ... The new section 113 of the bill is intended to overturn the *Hancock* case and to express, with sufficient clarity, the committee's desire to subject Federal facilities to all Federal, State and local requirements—procedural, substantive, or otherwise—process, and sanctions.

*Id.* at 1278.

Given that the statutory sections in question expressly provide that the United States and its agencies shall be subject to suit and that all federal facilities must comply with all state air pollution regulations and that those provisions shall apply notwithstanding any immunity of such agencies, Congress' intention to waive sovereign immunity could not be more clearly established.

■ The defendants also contend that the State of Alabama cannot seek to enforce state regulations providing for civil penalties in a federal court. However, plaintiffs seek to enforce what are both state and federal regulations. ADEM has been delegated the authority to enforce these regulations by the EPA pursuant to 42 U.S.C. § 7412(d)(1) by virtue of its adoption of the regulations found in Chapter 13 of the ADEM Air Pollution Control Regulations. Given the complex and interrelated nature of state and federal regulations governing air pollution and the concurrent authority to enforce said regulations shared by both the state and federal agencies, ADEM cannot be said to be attempting to enforce state regulations without also being found to be enforcing federal regulations. Additionally, Congress has express-

ly granted the states the power to enforce state sanctions against federal facilities. House of Representatives Report No. 294 states:

The amendment is also intended to resolve any question about the sanctions to which noncomplying Federal agencies, facilities, offices, employees, or agents may be subject. The applicable sanctions are to be the same for Federal facilities and personnel as for privately owned pollution sources and for the owners or operators thereof. This means that Federal facilities and agencies may be subject to injunctive relief (and criminal or civil contempt citations to enforce any such injunction), to civil or criminal penalties, and to delayed compliance penalties.

*Reprinted in* 1977 U.S.Code Cong. & Ad. News at 1279.

 This Court's pendent jurisdiction over state claims arising out of the same operative core of facts as that giving rise to the federal claim also gives this Court a basis for adjudicating the plaintiffs' claims against the nonfederal defendants.

The other grounds raised in the defendants' motions for dismissal are so patently frivolous that they merit no further discussion.

With respect to several of the grounds urged by the defendants, including the government, the defendants' attorneys' attention is directed to Rule 11 which states in part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Although the Court does not intend to impose sanctions at this juncture of the case, the attorneys are directed to be aware that the Court is obligated to impose sanctions where the quoted part of Rule 11 is violated.

Accordingly, the defendants are hereby ORDERED to file answers within fifteen days of the date hereof.