The METROPOLITAN SANITARY
DISTRICT OF GREATER
CHICAGO, Plaintiff,

v.

UNITED STATES, et al., Defendants.

No. 88 C 5407.

United States District Court,
N.D. Illinois, E.D.

Feb. 7, 1990.
Reconsideration Denied April 20, 1990.

Paul D. Lindauer, Jr. and Allen S. Lavin, The Metropolitan Sanitary Dist. of Greater Chicago, Chicago, Ill., for plaintiff.

James J. Kubik, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

The Metropolitan Sanitary District of Greater Chicago (MSD) brought this action against the United States alleging that it has failed to comply with the terms of an agreement permitting the Glenview Naval Air Station to discharge sewage into MSD's system. The complaint seeks mandamus, an injunction, and civil penalties. In our order of September 29, 1989, we denied the government's motion to dismiss. 722 F.Supp. 1565. We now have before us defendant's motion to reconsider. For the following reasons, that motion is granted in part and denied in part.

## DISCUSSION

The United States first asks us to reconsider our ruling that we have subject matter jurisdiction under 28 U.S.C. § 1331. Federal courts have jurisdiction under that section to hear any claims that arise under federal law. We can regard a claim as arising under federal law when the face of plaintiff's well-pleaded complaint reveals that plaintiff can succeed only by showing the correctness and applicability of some

construction of federal law. We reiterate that in a suit against the United States, the jurisdictional allegations in the plaintiff's complaint must refer to a statute that waives the sovereign's immunity. Here, plaintiff's complaint refers to § 313 of the Clean Water Act, 33 U.S.C. § 1323(a), which waives the government's immunity from suits that seek to enforce state regulations regarding the control and abatement of water pollution. Plaintiff's complaint can be resolved only by applying that section of the Clean Water Act, which also mandates that federal facilities comply with state regulations and also permits those regulations to be enforced against the government in court. We conclude that we have subject matter jurisdiction.

 We also denied the government's motion to dismiss Count III, which asked for civil penalties against the United States. We held that the Clean Water Act waived the government's sovereign immunity for suits that seek civil penalties that arise under federal law, but we did not decide whether the penalties MSD seeks do in fact arise under federal law. We noted that the parties had not briefed the question and that MSD might be able to make a case for its position. We therefore concluded that for the time being, MSD could proceed with Count III.

Now that the government has moved to reconsider, both sides have had the opportunity to argue whether Count III seeks civil penalties that arise under federal law. As the MSD still has not asserted that it seeks penalties for violations of standards formulated or permits issued under a state-operated EPA-approved program under the National Pollutant Discharge Elimination System (NPDES), the holding of *Ohio v. United States Dept. of Energy*, 689 F.Supp. 760, 766–67 (S.D.Ohio 1988) does not apply. Plaintiff has argued that the Environmental Protection Agency (EPA) requires it to enforce the provisions of the agreement that permits the government to discharge sewage into the plaintiff's treatment system. But the plaintiff has not argued that it is required to achieve that enforcement by seeking civil penalties in addition to an injunction. Plaintiff points to a section of the Clean Water Act that forbids the EPA Administrator to approve grants for treatment projects such as plain-

tiff's if their collector sewers permit excessive infiltration. As this section of the Clean Water Act says nothing about penalties, we fail to see how it provides for the penalties plaintiff seeks. Plaintiff has produced no convincing argument in support of its contention that the civil penalties it seeks arise under federal law. As the government has not consented to be sued for any other type of civil penalty, we now conclude that sovereign immunity bars the plaintiff's bid for civil penalties in this case.

### CONCLUSION

For the foregoing reasons, Count III is dismissed. The remainder of the government's motion to reconsider is denied.