**CROWLEY MARINE SERVICES, INC., et al., Plaintiffs,**

v.

**FEDNAV LTD., et al., Defendants.**

**No. CS–94–178–JLQ.**

United States District Court,
E.D. Washington.

Dec. 11, 1995.

---

Rodney L. Brown, Jr., Gillis E. Reavis, Peter J. Gutierrez, Beverlee E. Silva, Morrison & Foerster, Seattle, WA, for Crowley Marine Services Inc, a Delaware corporation.

Mark W. Schneider, Thomas M. Kellenberg, Perkins Coie, Seattle, WA, for Port of Pasco.

Peter D. Byrnes, Bradley S. Keller, Byrnes & Keller, Seattle, WA, Paul Nelson Daigle, Schwabe Williamson Ferguson & Burdell, Seattle, WA, for Fednav Ltd., Fednav Holdings, Inc.

William J. Schroeder, Paine Hamblen Brooke Coffin Miller, Spokane, WA, Kevin M. Ward, Harding & Ogborn, Denver, CO, for Piute Energy & Transportation Co, a Washington corporation.

Frederick A. Moegenburg, Law Office of Frederick A. Moegenburg, Milwaukee, WI, for Aarcom, Inc.

James E. Egan, Kennewick, WA, Apex Environmental Inc., Pro se, Michael D. Poor, Apex Environmental Inc., Hoquiam, WA, for Apex Environmental Inc.

Kurt W. Kroschel, Rexanne Gibson, David M. Reeve, Daniel L. Kinerk, Mark Craig

Mostul, Larry Eugene Leggett, Maura Joyce Binz, Kroschel & Gibson, Bellevue, WA, Bruce A. Spanner, Miller Mertens & Spanner, Richland, WA, John C. Knoepfler, Robins Kaplan Miller & Ciresi, Minneapolis, MN, for Burlington Northern R. Co.

Randy Jarl Aliment, Williams Kastner & Gibbs, Seattle, WA, for Conoco Inc.

Scott Nicholas Naccarato, Critchlow & Williams, Richland, WA, for DeCurtis Oil Co., David G. Forsman.

John F. DeVleming, Ogden Murphy and Wallace, Seattle, WA, John G. Schultz, Leavy Schultz Davis & Fearing PS, Kennewick, WA, Lee V. Corkrum, Seattle, WA, for Del Williams, Del Williams Trucking.

James Morton Beecher, Hackett Beecher & Hart, Seattle, WA, Craig M. Liebler, Liebler Ivey Larsen Quigley and Hugill, Kennewick, WA, for Doyle Brothers Inc., a Washington corporation, Doyle Brothers Partnership, a Washington partnership.

Charles Edward Corrigan, Gary Firestone, Stephen F. Crew, O'Donnell Ramis Crew & Corrigan, Portland, OR, for Fuel Processors Inc., a Washington corporation.

P. Craig Walker, Cowan Walker Jonson Moore Nickola & Heye, Richland, WA, for Henry Kidwell, Thomas Kidwell, Kidwell Oil Co.

David Vance Marshall, Lynn T. Manolopoulos, Cassandra L. Kinkead, Davis Wright Tremaine, Bellevue, WA, for McCall Oil & Chemical Corp.

Patricia Elizabeth Thompson, Donald B. Myers, Stoel Rives Boley Jones Grey, Seattle, WA, for Pacificorp.

Guy C. Stephenson, Schwabe Williamson & Wyatt, Portland, OR, Scott A. Jonsson, Schwabe Williamson and Wyatt, Portland, OR, Rodney L. Brown, Jr., Gillis E. Reavis, Beverlee E. Silva, Morrison & Foerster, Seattle, WA, for Tidewater Barge Lines Inc., an Oregon corporation.

Pamela Jean DeRusha, US Attorney's Office, Spokane, WA, Margaret J. Mahoney, US Department of Justice, Washington DC, Steven E. Rusak, US Department of Justice, Environmental Defense Section, Washington, DC, for Corps of Engineers, U.S. Army.

Tanya Barnett, Asst. Atty. General, Attorney General of Washington, Olympia, WA, for Department of Ecology of the State of Washington, amicus.

Frederick Orr Frederickson, Graham & Dunn, Seattle, WA, for Atlantic Richfield Corporation.

Craig M. Liebler, Liebler Ivey Larsen Quigley and Hugill, Kennewick, WA, for Donald A. Doyle, James E. Doyle.

Lynn T. Manolopoulos, Cassandra L. Kinkead, Davis Wright Tremaine, Bellevue, WA, for Great Western Chemical Company, a Washington corporation.

## ORDER RE: UNITED STATES ARMY CORPS OF ENGINEERS MOTION FOR CLARIFICATION

QUACKENBUSH, Senior District Judge.

**BEFORE THE COURT** is the United States Army Corps of Engineers' (the "Corps") Motion for Clarification of the Court's Order of October 10, 1995 (Ct.Rec. 204), heard without oral argument on December 4, 1995. Steven Rusak represented the Corps; Gillis Reavis represented Crowley Marine Services, Inc. Having reviewed the record, and being fully advised in this matter, the court orders as follows.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On October 17, 1994, the Corps moved for dismissal of Plaintiffs' claims for lack of subject-matter jurisdiction, and failure to state a claim upon which relief may be granted (Ct. Rec. 73). On October 10, 1995, the Court entered an order dismissing Plaintiffs' Federal Tort Claims Act ("FTCA") claims with prejudice, and denying the Corps' Motion to Dismiss Plaintiffs' CERCLA claims (Ct.Rec. 204). In that Order, this court held that § 702c immunity attached to Plaintiffs' FTCA claims. The court additionally held that Plaintiffs' FTCA claims were barred due to Plaintiffs failure to file an administrative claim prior to suit, as required by 28 U.S.C. § 2675(a). In the present motion, the Corps seeks clarification of the status of claims

three through five, and claim twelve of Plaintiffs' Second Amended Complaint (Ct.Rec. 80).

In their Third Cause of Action, Plaintiffs seek recovery under Washington State's Superfund statute, the Model Toxics Control Act (the "MTCA"), RCW 70.105D.010 *et seq.* Plaintiffs' Fourth Cause of Action asserts a claim under Washington's Hazardous Waste Management Act (the "HWMA"), RCW 70.105.005 *et seq.* Plaintiffs' Fifth Cause of Action is a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. The Twelfth Cause of Action is a general claim for costs and attorneys' fees incurred in this action.

The Corps interpreted the court's order as dismissing the FTCA claims in the sixth through eleventh causes of action. In response, Crowley interpreted the order to state that: (1) causes of action one and two, Plaintiffs' CERCLA claims, were not dismissed; (2) causes of action six through nine, Plaintiffs' tort claims, were dismissed.

## II. DISCUSSION

Causes of Action six through nine were dismissed by the court's order of October 10, 1995. These four causes of action, based upon negligence and negligence per se (Sixth Cause of Action), strict liability (Seventh Cause of Action), nuisance (Eighth Cause of Action), and trespass (Ninth Cause of Action), were applicable to the Corps only through the FTCA, and, as such, were dismissed as FTCA claims. Causes of Action ten and eleven make no reference to the Corps; these causes of action are breach of contract claims against other Defendants. Therefore, these actions were not dismissed by the court's order.

The only remaining issues are the status of causes of action three through five and twelve of Plaintiffs' Second Amended Complaint.

### A. *Third Cause of Action; Washington State Superfund Claim*

In the Second Amended Complaint, Plaintiffs assert that Defendants, including the Corps, are liable under the MTCA. The Corps argues that this claim should be dismissed. In support of this argument, the Corps asserts that: (1) the claim is barred under the Flood Control Act of 1928 ("FCA"), 33 U.S.C. § 702c; (2) 42 U.S.C. § 9620(a) does not waive sovereign immunity for contribution liability and cost recovery lawsuits; and (3) 42 U.S.C. § 9620(a) only covers sites presently owned or operated by the United States. In response, Plaintiffs argue that: (1) CERCLA's waiver of immunity applies to the FCA; (2) 42 U.S.C. § 9620(a) contains an unequivocal waiver of immunity under state environmental clean-up statutes; and (3) the Corps presently owns a site, and to hold that the Corps is not liable for waste run-off would lead to ridiculous results.

■ As stated in the court's previous order, the immunity claimed pursuant to the FCA was subsequently surrendered by CERCLA's broad-sweeping waiver in 42 U.S.C. § 9620(a).

■ 42 U.S.C. § 9620(a)(4) provides, in pertinent part, that "State laws concerning removal and remedial action, including State laws regarding enforcement, shall apply" to facilities of the United States. This section also prohibits the application of more stringent standards and requirements by states. Waiver of sovereign immunity must be express, and is to be strictly construed in the government's favor. *Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). This analysis, however, is not a "ritualistic formula," and should proceed with the underlying Congressional policy in mind. *Franchise Tax Board v. United States Postal Serv.,* 467 U.S. 512, 521, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984).

■ The MTCA is similar in language to CERCLA. Its goal is to raise funds to aid in site clean-up, as well as to "prevent future hazards due to improper disposal of toxic wastes ..." RCW 70.105D.010. The act provides for both remedial action, *see* RCW 70.105D.020(11), and enforcement, *see* RCW 70.105D.050.

The court finds that CERCLA's waiver of immunity, in conjunction with the form and substance of the MTCA, require the conclu-

sion that the MTCA is applicable to the site owned and operated by the Corps.

■ Finally, the Corps argues that the waiver of immunity of 42 U.S.C. § 9620 only applies to those sites **currently** owned or operated by the United States (or an agency thereof.) The United States currently owns property along the Columbia River banks, where it operates the McNary Levees System of the McNary Lock and Dam Project. Therefore, the CERCLA waiver of immunity applies to any contamination resulting from that site.

To the extent that Plaintiffs allege the United States is responsible for property not currently owned by the United States, the court finds the reasoning of *Redland Soccer Club, Inc. v. Department of Army*, 801 F.Supp. 1432 (M.D.Pa.1992), persuasive. Therefore, the United States can not be held liable for any sites not **currently** owned or operated by the United States.

B. *Fourth Cause of Action; Claim for Damages under Washington State Hazardous Waste Management Act*

■ Plaintiffs' fourth cause of action seeks damages against the Corps under Washington's HWMA, RCW § 70.105.005 *et seq.* The Corps argues that lawsuits for damages under state law are not within the RCRA waiver of sovereign immunity contained in 42 U.S.C. § 6961(a). In response, Plaintiffs assert that the RCRA waives immunity for state substantive and procedural requirements, and that immunity is therefore waived for private cost recovery contribution actions based on the HWMA.

Sovereign immunity requires that the government consent before it may be sued; any waiver of that sovereign immunity is strictly construed in favor of the government, and will only be found where the waiver is unequivocal. *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615, 112 S.Ct. 1627, 1633, 118 L.Ed.2d 255 (1992). In *United States Dep't of Energy*, the Supreme Court reviewed the imposition of punitive fines

against the DOE by the State of Ohio, based on the DOE's alleged violations of the RCRA, the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, and State environmental laws. The Supreme Court found that 42 U.S.C. § 6961 did not refer to mechanisms for enforcing future compliance, and therefore held that the Government had not waived sovereign immunity for civil fines imposed by a State for past violations of the RCRA. *Id.* at 628, 112 S.Ct. at 1640.

Concurrent to the Supreme Court's consideration of *United States Dep't Of Energy*, Congress was amending 42 U.S.C. § 6961.[1] The amended version of § 6961 reiterates and further emphasizes the waiver of sovereign immunity. It reads, in pertinent part,

Each department, agency, and instrumentality of the ... Federal Government ... engaged in any activity resulting, or which may result, in the disposal ... of solid waste or hazardous waste shall be subject to, and comply with, all Federal, State, interstate, and local requirements, both substantive and procedural (including ... any provisions or injunctive relief and such sanctions as may be imposed by a court to enforce such relief).... The ... State ... requirements referred to in this subsection include, but are not limited to, all administrative orders and all civil and administrative penalties and fines.... The United States hereby expressly waives any immunity otherwise applicable to the United States with respect to any substantive or procedural requirement (including, but not limited to, any injunctive relief, any administrative order or civil or administrative penalty ...

The 1992 amendment was a clear effort on behalf of Congress to equally apply environmental standards to private citizens and the federal government. This is evidenced by both the House Committee Report and the Statement by President George Bush Upon Signing H.R. 2194. *See, House Conference Report No. 102–111*, 102nd Cong., 2nd Sess. 4, *reprinted in* 1992 U.S.C.C.A.N. 1287, 1337–1. In particular, the House Report

---

1. *United States Dep't Of Energy* was decided on April 21, 1992; 42 U.S.C. § 6961 was amended effective October 6, 1992.

prepared by the Committee on Energy and Commerce endorsed the decisions in *State of Ohio v. United States Dep't Of Energy*, 689 F.Supp. 760 (S.D.Ohio 1988) (holding that Congress intended to waive sovereign immunity to civil penalties under the RCRA), and *State of Maine v. Department of Navy*, 702 F.Supp. 322 (D.Me.1988) (similarly holding that RCRA waives sovereign immunity for civil penalties imposed by state law). The House Report also expressly rejected the Ninth Circuit's holding in *United States v. Washington*, 872 F.2d 874 (9th Cir.1989).

Therefore, the court finds, based upon the statutory language, as well as the legislative history, that sovereign immunity has been waived by 42 U.S.C. § 6961, and Plaintiffs' Fourth Cause of Action in the Second Amended Complaint states a valid claim upon which relief may be granted.

### C. Fifth Cause of Action; Declaratory Relief

 Plaintiffs seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. The Corps correctly notes that this Act does not provide an independent basis of federal jurisdiction; however, the court's prior holding was clear, Plaintiffs' CERCLA claims were not dismissed, and these claims provide an independent jurisdictional basis. Therefore, the Corps' request for dismissal of Plaintiffs' declaratory judgment cause of action is denied.

### D. Twelfth Cause of Action; Reasonable Costs and Expenses of Negotiation, including Attorneys' Fees

Plaintiffs claim they are entitled to the reasonable costs of negotiation with the Washington Department of Ecology, including attorneys' fees. In response, the Corps argues that the Supreme Court's holding in *Key Tronic Corp. v. United States*, —— U.S. ——, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), precludes recovery of the negotiation-related fees sought by Plaintiffs. Plaintiffs seek recovery of attorneys' fees under several statutes, including CERCLA, the RCRA, the MTCA, and the HWMA. Each of those statutes provides for potential recovery of attorneys' fees. The attorneys' fees issue is not ripe for disposition, and is, therefore, **DENIED with LEAVE to RENEW** upon a determination of liability under the several causes of action asserted by Plaintiffs.

Therefore,

**IT IS HEREBY ORDERED:**

(1) The Corps' Motion to Dismiss Plaintiffs' claims based upon Washington's Model Toxics Control Act is **DENIED;**

(2) The Corps' Motion to Dismiss Plaintiffs' claims based upon Washington's Hazardous Waste Management Act is **DENIED;**

(3) The Corps' Motion to Dismiss Plaintiffs' claim for declaratory relief is **DENIED;**

(4) The Corps' Motion to Dismiss Plaintiffs' claim for reasonable attorneys' fees is **DENIED with LEAVE TO RENEW.**