751 F.2d 977
 21 ERC 2230, 14 Envtl. L. Rep. 20,922,
15 Envtl. L. Rep. 20,291
 PEOPLE OF the STATE OF CALIFORNIA, Plaintiff-Appellant,
v.
Harry WALTERS, Administrator; Veterans Administration;
Veterans Administration Medical Center (Brentwood
and Wadsworth Hospital Center),
Defendants-Appellees.
 No. 83-6368.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 2, 1984.
Decided Oct. 9, 1984.
As Amended Jan. 14, 1985.
 
 Steven R. Tekosky, Deputy City Atty., Los Angeles, Cal., for plaintiff-appellant.
 Dean K. Dunsmore, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Believing that someone at the Veterans Administration hospital in western Los Angeles had disposed of hazardous medical waste in violation of California law, the city attorney initiated a criminal prosecution in municipal court against the Veterans Administration and Walters, its administrator.
 
 
 2
 The complaint was removed to district court pursuant to 28 U.S.C. Sec. 1442(a). The district court dismissed the complaint on the grounds that the defendants were protected by sovereign immunity and that their immunity had not been clearly and unambiguously waived. The city attorney appeals and we affirm.
 
 
 3
 Both parties agree that this case is in essence against the United States, that the United States may not be sued without its consent, and that a waiver of sovereign immunity must be clearly and unambiguously expressed. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); Hancock v. Train, 426 U.S. 167, 179, 96 S.Ct. 2006, 2012, 48 L.Ed.2d 555 (1976). The sole question is whether 42 U.S.C. Sec. 6961 clearly and unambiguously waives the government's sovereign immunity. The relevant portion of Sec. 6961 provides:
 
 
 4
 Application of Federal, State, and local law to Federal facilities
 
 
 5
 Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any solid waste management facility or disposal site, or (2) engaged in any activity resulting, or which may result, in the disposal or management of solid waste or hazardous waste shall be subject to, and comply with, all Federal, State, interstate, and local requirements, both substantive and procedural (including any requirement for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief), respecting control and abatement of solid waste or hazardous waste disposal in the same manner, and to the same extent, as any person is subject to such requirements, including the payment of reasonable service charges. Neither the United States, nor any agent, employee, or officer thereof, shall be immune or exempt from any process or sanction of any State or Federal Court with respect to the enforcement of any such injunctive relief.
 
 
 6
 The city attorney contends that California's criminal sanctions regarding disposal of infectious wastes constitute a "substantive or procedural requirement" with which the Veterans Administration must comply pursuant to Sec. 6961. We disagree. State waste disposal standards, permits, and reporting duties clearly are "requirements" for the purpose of Sec. 6961. Criminal sanctions, however, are not a "requirement" of state law within the meaning of Sec. 6961, but rather the means by which the standards, permits, and reporting duties are enforced. Section 6961 plainly waives immunity to sanctions imposed to enforce injunctive relief, but this only makes more conspicuous its failure to waive immunity to criminal sanctions.
 
 
 7
 The city attorney also argues that Sec. 6961 waives sovereign immunity to criminal sanctions in light of Hancock v. Train, 426 U.S. 167, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). The issue in Hancock was whether Sec. 118 of the Clean Air Act required federal installations to obtain state emission permits. The version of Sec. 118 then in force directed that federal facilities "shall comply with ... State ... requirements respecting control and abatement of air pollution ...." 42 U.S.C. Sec. 1857f (1976). Noting that Sec. 118 did not say that federal installations shall comply with all state requirements, the Court held that the "requirements" specified in Sec. 118 did not include state permit requirements. 426 U.S. at 182, 96 S.Ct. at 2014.
 
 
 8
 Section 6961, on the other hand, enacted several months after the Supreme Court decided Hancock, says that federal installations shall comply with all state requirements, both substantive and procedural. California argues that in light of Hancock, Congress' use of the word "all" in Sec. 6961 shows that Congress intended to waive immunity to criminal sanctions. This does not follow. Section 6961 has enough clear and unambiguous language to overcome the government's sovereign immunity to permit requirements, which the Court held had not been waived in Hancock. But the differences between former Sec. 118 and Sec. 6961 do not show at all, much less clearly and unambiguously, an intent to subject the United States to criminal sanctions in addition to permit requirements. Moreover, as the government points out, the legislative history of Sec. 6961 does not show a clear intent to waive the immunity to criminal sanctions.
 
 
 9
 Our decision is compelled by the parties' agreement that the action is essentially one against the United States. Our holding in this case does not necessarily apply in all cases to prosecutions against federal officers or federal agencies.[1]
 
 
 10
 Affirmed.
 
 
 
 [1]
 We have previously held that sovereign immunity does not ipso facto exempt federal agencies and officers from the operation of ordinary criminal laws. See Morgan v. California, 743 F.2d 728, 731 (9th Cir. 1984)