William L. MEYER, Head, Solid and Hazardous Waste Management Branch, North Carolina Department of Human Resources, Plaintiff,

v.

UNITED STATES COAST GUARD; James S. Gracey, individually and as Commandant, United States Coast Guard, Defendants.

No. 86-02-CIV-2.

United States District Court, E.D. North Carolina, Elizabeth City Division.

Sept. 18, 1986.

Robert R. Reilly, Asst. Atty. Gen., Mary Jill Ledford, Associate Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for plaintiff.

Beth S. Ginberg, Atty., U.S. Dept. of Justice, Land and Natural Resources Div., Environmental Defense Section, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

BRITT, Chief Judge.

This matter is before the court on motion by defendants to dismiss for lack of jurisdiction. A hearing has been held and the matter is ripe for ruling.

### FACTS

The United States Coast Guard owns the hazardous waste facility located near Elizabeth City, North Carolina. The United States Environmental Protection Agency pursuant to powers given to it by the Resource Conservation and Recovery Act has given North Carolina the power to regulate hazardous waste facilities such as the one owned by the United States Coast Guard. The plaintiff, William L. Meyer is head of the Solid and Hazardous Waste Management Branch for the State of North Carolina.

The State requires that each hazardous waste facility file a "Part A" and a "Part B" permit application. The State alleges that the Coast Guard has failed to file a timely "Part B" permit application. Consequently, the State assessed a $10,000 penalty against the facility. North Carolina commenced this suit on 28 January 1986 seeking a recovery of its administrative penalty.

### DISCUSSION

The United States cannot be sued without its consent and any waiver of this immunity must be clearly and unambiguously expressed. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).

The State claims that the United States Coast Guard has waived its constitutional immunity in section 6001 of the Resource Conservation and Recovery Act (RCRA). 42 U.S.C. § 6961. This section provides in relevant part that facilities owned by the federal government that are engaged in:

[T]he disposal or management of solid waste or hazardous waste shall be subject to, and comply with, all federal, state, interstate, and local requirements, both substantive and procedural (including any requirements for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief), respecting control and abatement of solid waste. . . .

The State claims that the waiver of immunity applies to fines imposed by the State. The Coast Guard argues that the language applies only to injunctive relief and to sanctions imposed by courts. The rule of strict interpretation, legislative history and recent case law favor the defendants' position.

Section 6001, like other statutes purporting to waive sovereign immunity, should be read narrowly. The language of section 6001 does not clearly and unambiguously state that the federal government will be subject to fines and other penalties by states. It is not clear whether a government facility is subject to greater restrictions than those listed. A strict construction of the statute should limit the waiver to those penalties specifically mentioned.

The State argues that when the entire section is read as a whole it indicates that the drafters intended that the federal government would be liable for an assessment of penalties. However, there is no language in this statute that suggests that the federal government was intending to waive its immunity against the imposition of civil penalties. On the contrary, it seems to contemplate only obligations arising from injunctions.

The legislative history of RCRA indicates that Congress did not intend for federal facilities to be subject to civil penalties. In fact, Congress rejected a House of Representatives bill which specifically authorized the granting of civil penalties and instead chose to adopt the Senate bill which made no mention of waiving sovereign immunities for civil penalties. 122 Cong.Rec. 32,-613 (Sept. 27, 1976).

Recent case law also supports the defendants' position that section 6001 does not waive sovereign immunity for civil penalties. In one recent case a criminal prosecution was initiated against the Veterans Administration as a result of the disposal of hazardous waste from a VA hospital. *People of the State of California v. Walters,* 751 F.2d 977 (9th Cir.1984). The court held that section 6001 did not clearly and unambiguously exempt the federal government from sovereign immunity for criminal sanctions. The court reasoned that federally owned facilities are subject to "substantive or procedural requirements" and that criminal sanctions were not requirements but "a means by which requirements are enforced." *Id.* at 978. Although the case dealt with criminal rather than civil sanctions the court's rationale is applicable to this case. Civil penalties also appear to be a means by which requirements are enforced and not requirements themselves.

In another recent case a district court held that the Navy was not liable for failing to comply with certain state strict liability hazardous waste laws. *State of Florida Dept. of Environmental Regulation v. Silver Corp.,* 606 F.Supp. 159 (M.D.Fla. 1985). The court held that section 6001

does not clearly and unambiguously waive the Navy's sovereign immunity with respect to those statutes. Although this case does not concern the imposition of civil penalties it, like the *Walters* case, supports a restrictive interpretation of the waiver of sovereign immunity in 42 U.S.C. § 6961.

The defendants also ask that the case be dismissed with respect to Admiral James S. Gracey, who is also named as a party to this suit individually and as Commandant of the United States Coast Guard, but the resolution of the sovereign immunity issue negates the need for the court to consider the propriety of listing Admiral Gracey as a defendant.

## CONCLUSION OF LAW

The court holds that section 6001 of the Resource Conservation and Recovery Act does not waive the federal government's immunity from the imposition of civil penalties by state agencies.

Therefore, the defendants' motion to dismiss is granted, and this action is hereby dismissed.