**McCLELLAN ECOLOGICAL SEEPAGE SITUATION (MESS), Mary Fisher, Charles and Sandy Yarbrough, Plaintiffs,**

v.

**Caspar Willard WEINBERGER, Secretary of the United States Department of Defense, Defendant.**

No. CIV S–86–475–RAR.

United States District Court, E.D. California.

Dec. 9, 1986.

Michael Axline, John E. Bonine, Western Natural Resources Law Clinic, University of Oregon School of Law, Eugene, Or., Victor Sher, San Francisco, Cal., Stephen L.

Samuels, U.S. Dept. of Justice, Washington, D.C., for plaintiffs.

F. Henry Habicht II, Asst. Atty. Gen., Stephen L. Samuels, U.S. Dept. of Justice, Washington, D.C., Peter A. Nowinski, U.S. Atty., Yoshinori H.T. Himel, Asst. U.S. Atty., Sacramento, Cal., for defendant.

## OPINION AND ORDER GRANTING MOTION OF DEFENDANT TO DISMISS CLAIM FOR CIVIL PENALTIES

RAMIREZ, District Judge.

This matter came on for hearing on November 3, 1986 on defendant's motion to dismiss plaintiff's claim for civil penalties. The Court rendered an oral ruling granting the motion to dismiss at the conclusion of that hearing, and this opinion specifically incorporates by reference the reasons articulated in that ruling.

This action was commenced on April 23, 1986 when a group of citizens calling themselves McClellan Ecological Seepage Situation ("MESS") filed a complaint against Caspar Willard Weinberger, Secretary of the United States Department of Defense, alleging that McClellan Air Force Base violated certain provisions of the Resource Conservation and Recovery Act ("RCRA") and the Clean Water Act ("CWA"). In the complaint, MESS seeks declaratory relief, injunctive relief, and the payment of civil penalties. The present motion relates only to the request for civil penalties.

This matter involves an issue of sovereign immunity. It is axiomatic, of course, that the United States is sovereign. It cannot be sued unless it consents to be sued. *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983). There cannot be a waiver of sovereign immunity unless the waiver is clear, concise, and unequivocal. *Army & Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 734, 102 S.Ct. 2118, 2122, 72 L.Ed.2d 520 (1982). When there is any doubt, waiver will not be found. Waiver cannot be implied. It cannot be assumed. It cannot be based on speculation, surmise, or conjecture. *United States v. King*, 395

U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Ambiguous language will not equate to waiver. Any limitation on the United States' consent to be sued must be strictly construed in favor of the sovereign and may not be modified by implication. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683-85, 103 S.Ct. 3274, 3276-77, 77 L.Ed.2d 938 (1983).

In this case, there are four potential areas for waiver of sovereign immunity, two under RCRA and two under the Clean Water Act. Turning first to RCRA, the relevant provisions are the federal facilities provision set forth in RCRA § 6001, 42 U.S.C. § 6961, and the citizen suit provision in RCRA § 7002, 42 U.S.C. § 6972.

▮ The RCRA federal facilities provision states in relevant part that federal agencies shall be subject to and comply with "all Federal, State, interstate, and local requirements, both substantive and procedural (including any requirement for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief)." The plain face, common-sense reading of this provision convinces this Court that there has not been a waiver of sovereign immunity regarding the imposition of civil penalties against federal facilities under RCRA. The plain face reading of this legislation demonstrates that Congress intended to waive sovereign immunity on behalf of the United States, insofar as process or sanctions is concerned, only as required for the enforcement of injunctive relief. As argued by the government in its moving papers, this language infers, implies, and requires a preexisting order of the Court to be enforced—no more, no less.

The Court recognizes that this is an issue of first impression. There are several cases that do not specifically and succinctly apply to the facts but are nevertheless instructive, and therefore the Court will make brief reference to them.

The Ninth Circuit's decision in *California v. Walters*, 751 F.2d 977 (9th Cir.1984), is the only case to examine RCRA § 6001 in the context of waiver of immunity for criminal penalties. The Court, in finding no waiver, specifically found that RCRA § 6001 plainly waives immunity to sanctions but only as imposed to enforce injunctive relief. What is significant is the Court's statement that "this only makes more conspicuous its failure to waive immunity to criminal sanctions." 751 F.2d at 978. While *Walters* is not directly on point since it does not involve civil penalties or a citizen suit, a waiver is a waiver whether it be for criminal and/or civil penalties.

That leads to an even more instructive case, *Meyer v. United States Coast Guard*, 644 F.Supp. 221 (E.D.N.C.1986), wherein Judge Britt, again reviewing RCRA § 6001, found that there has not been a clear and unambiguous waiver on behalf of the United States regarding the imposition of fines and/or other civil penalties. *Meyer*, unlike *Walters*, dealt specifically with civil penalties as opposed to criminal penalties.

But whether or not *Walters* or *Meyer* is applicable, the Court finds that RCRA § 6001 on its face does not provide clearly and succinctly for a waiver of sovereign immunity for civil penalties, and none will be implied.

We turn then to MESS' alternative argument that the citizen suit provision, RCRA § 7002, provides the necessary vehicle for waiver of sovereign immunity. Again, the Court disagrees. While RCRA § 7002 specifically defines "person" to include the United States for purposes of administration of the statute and/or jurisdiction, the citizen suit provision specifically refers to civil penalties under subsections (a) and (g) of RCRA § 3008, 42 U.S.C. § 6928(a) and (g). A cursory review of subsections (a) and (g), which are the federal enforcement provisions relating to compliance orders and civil penalties, reveals that they do not refer to the United States but to "persons." The Court must then take into consideration the general definition of "person" in RCRA § 1004(15), 42 U.S.C. § 6903(15), which seems to name everyone under the sun save for the United States of America. The Court therefore adopts the reasonable interpretation set forth by the government that indeed Congress did not intend, nor

did it legislate specifically, a waiver of sovereign immunity for civil penalties under the citizen suit provision.

This Court cannot believe that if Congress wished to waive immunity for civil penalties it could be so careful, so all-knowing, so engaged in foresight and insight as to define "person" to include the United States for purposes of jurisdiction in the RCRA citizen suit provision, and yet could forget, misappropriate, or be so negligent as to decline to include the United States in its overall, all-encompassing definition of "person" in RCRA § 1004(15), which is applicable to compliance orders and civil penalties. If I were to accept what has been espoused by plaintiff in this case, we would have a unique and absurd result whereby the Administrator of the Environmental Protection Agency would not be able to seek penalties against the United States because the United States is not a "person" within the meaning of RCRA § 3008(g), yet a private citizen could seek and be awarded the imposition of civil penalties under RCRA § 7002. If that is what Congress intended, it certainly escapes this Court. It is the opinion of this Court that that is not what Congress intended.

Rather than focusing my decision on intent *per se*, I look to the face of the legislation and thereafter to the legislative history, and I do not find the necessary clear unequivocal waiver of sovereign immunity for civil penalties under RCRA.

We turn next to the Clean Water Act. And although counsel have been very able in both their written and oral argument, I take great exception to counsel for plaintiff who indicates that here, at last, we have a clear enunciation of a waiver of sovereign immunity. If anything, the mud gets muddier when we look to the Clean Water Act.

The federal facilities provision—CWA § 313(a), 33 U.S.C. § 1323(a)—is a compilation of ambiguity. The sentence that is specifically at issue reads "the United States shall be liable only for those civil penalties arising under Federal law," if there be any, "or imposed by a State or local court to enforce an order or the process of such court." The use of the word "or" as advocated by counsel for plaintiff, or the substitution of "and" for "or" as advocated by counsel for defendant, leads to very interesting results. If in fact a state law has been patterned "i" for "i" and "t" for "t" on federal law, under a disjunctive reading of the word "or" we would have a scenario where civil penalties could not be applied under state and/or local court provisions, even under a state or local ordinance that was an exact carbon copy duplicate of the Clean Water Act, but could be imposed under the provisions of the Clean Water Act itself. How Congress envisioned that to be a vehicle to end the pollution which this country is facing escapes this Court.

On the other hand, if we were to read the phrase in the conjunctive so that "to enforce an order or process of such court" applies both to federal law and to state or local court law, the sentence in itself is an absurdity—it makes no sense whatsoever. Under that reading, the Court does not know what to do with the terminology "such court" since the only court mentioned is state or local court.

Either reading, then, appears to be an absurdity. Furthermore, the remainder of CWA § 313 does not waive sovereign immunity for civil penalties for the same reasons discussed in relation to RCRA § 6001.

As rightfully argued by counsel for plaintiff, Congress is not held to the standard of writing its statutes in an all-knowing and all-encompassing manner. This proceeding is not a grammar or semantics course on how to write a statute. Rather, the Court should look to the four corners of the statute and obtain and apply the clear meaning of the statute. Although the Court sympathizes with the plaintiff, that is exactly what the Court is attempting to do. But it is not possible to find a clear meaning to CWA § 313. Since the statute is not clear on its face, we must look to the legislative history.

Here, of course, we have a problem because the Clean Water Act's legislative history is of no assistance. If there is any assistance for plaintiff's position, it comes from the Clean Air Act, 42 U.S.C. §§ 7401–

7642. The question then is do we bootstrap the legislative history of the Clean Water Act by reference to the Clean Air Act. The Court does not believe that that is what Congress envisions or the Supreme Court envisions when we are called upon to make a waiver of sovereign immunity.

As indicated earlier, a waiver of sovereign immunity must be clear and concise and unequivocal. It will not be based upon ambiguities. There will not be a waiver brought about by implication or by bootstrapping or by borrowing. That does not mean that Congress has a duty to write a waiver in a certain or specialized way. But it must write with a clear hand, an unequivocal hand. And the Court must assume that the learned members of Congress, some of whom are learned members of various bars, can say waiver of sovereign immunity for civil penalties just as easily as any eighth grader writing the same type of legislation. They have not done that. Instead, they have inserted conjunctive and disjunctive references that bring about absurd and contradictory results. From this absurdity and contradiction, the Court is asked to capture reason. It cannot.

Since the Court cannot capture reason from the written word, I have to conclude that plaintiff has not met its burden of demonstrating a waiver of sovereign immunity.

■ Similarly, with respect to the citizen suit provision of the Clean Water Act—CWA § 505(a), 33 U.S.C. § 1365(a)—for the very same reasons that the Court finds no waiver in the citizen suit provision of RCRA, there is no waiver in the Clean Water Act. Again, there is a definition of "person" that includes the United States in the jurisdictional provision of CWA § 505(a). And again, CWA § 505(a) refers to another civil penalties provision, CWA § 309(d), 33 U.S.C. § 1319(d). And again, there is an all-encompassing introductory definition—CWA § 502(5), 33 U.S.C. § 1362(5)—which defines "person" as everybody under the sun save for the United States.

This Court believes that although for twenty years Congress has been attempting to raise some definite reliance and response by federal facilities to get in line to clean up their water, air, etcetera, it has been very slow and cautious in its movements. Congress has finally gotten to the point where it has waived sovereign immunity so as to force federal facilities to be brought into compliance by way of injunctive relief only. It has not jumped the magical line, however, and waived sovereign immunity for purposes other than injunctive relief. Congress could easily have stated that federal facilities would be liable not only to injunctive relief but also to civil or criminal penalties. It is easier written than said. It is not written.

Defendant's motion to dismiss that portion of the complaint praying for civil penalties both under RCRA and the Clean Water Act is therefore granted.

IT IS SO ORDERED.