SIERRA CLUB and Colorado Environmental Coalition, Plaintiffs–Appellees

v.

Manuel LUJAN, Jr., Secretary of the Interior, the United States Department of the Interior, C. Dale Duvall, Commissioner of Reclamation, and the United States Bureau of Reclamation, Defendants–Appellants.

No. 90–1183.

United States Court of Appeals, Tenth Circuit.

April 30, 1991.

Adam Babich, Denver, Colo., for plaintiffs-appellees.

Ellen J. Durkee, U.S. Dept. of Justice, Washington, D.C. (Richard B. Stewart, Asst. Atty. Gen., Washington, D.C., Michael J. Norton, U.S. Atty., William G. Pharo, Asst. U.S. Atty., Denver, Colo., J. Steven Rogers and Jacques B. Gelin, Attys., U.S. Dept. of Justice, Washington, D.C., Duane Mecham, Office of the Sol., U.S. Dept. of the Interior, Washington, D.C., and Gina Guy, Regional Sol., U.S. Dept. of the Interior, Denver, Colo., with her on the brief), for defendants-appellants.

Before McKAY, ALDISERT,[*] and McWILLIAMS, Circuit Judges.

ALDISERT, Circuit Judge.

This appeal by the United States Department of the Interior and its Bureau of Reclamation requires us to interpret certain provisions of the Clean Water Act to determine whether Congress has waived the United States' sovereign immunity and authorized the assessment of civil penalties against federal agencies for violations of the Act.

The plaintiffs, Sierra Club and Colorado Environmental Coalition, filed this citizen suit under Section 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a), seeking mandatory and declaratory relief and civil penalties against the Department of the Interior and the Bureau of Reclamation for violations of the Act. We conclude that both the plain language of sections 1323(a) and 1365(a) of the Act and its legislative history evidence Congress' intent to waive sovereign immunity and to permit the assessment of civil penalties against the United

States, and we affirm the judgment of the district court.

Trial court jurisdiction was proper under Section 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a), and 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1292(b), which permits interlocutory appeals, and Rule 5(a), F.R.A.P.

## I.

The facts are undisputed. In 1972 Congress enacted the Clean Water Act (CWA or Act), 33 U.S.C. § 1251, *et seq.*, "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." *Id.* § 1251(a). The Act makes it unlawful to discharge pollutants into navigable waters unless authorized under its specific sections. *Id.* § 1311(a). It also establishes the National System, which allows the Environmental Protection Agency (EPA) to issue permits authorizing the discharge of pollutants. *Id.* § 1342(a). Upon EPA's approval, a state may administer its own permit program. *Id.* § 1342(b).

The Department of the Interior and the Bureau of Reclamation own and operate the Leadville tunnel in Lake County, Colorado. In 1975 EPA issued the Bureau a National System permit for the Leadville tunnel which required the Bureau to ensure that drainage from the tunnel does not exceed specific effluent limitations and to submit to EPA a schedule for compliance. The EPA has reissued the permit several times.

On January 13, 1989, the Sierra Club and Colorado Environmental Coalition filed a complaint in federal district court alleging that the Interior Department and the Bureau had violated the 1975 National System permit by failing to comply with certain requirements. They asked the court (1) to issue a mandatory injunction enjoining further permit violations, (2) to order the agencies to pay civil penalties and (3) to declare that the agencies are in violation of the CWA. The agencies moved to dismiss the civil penalties claim for lack of subject

---

[*] Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

matter jurisdiction under Rule 12(b)(1), F.R. Civ.P., arguing that the CWA's waiver of sovereign immunity does not include the assessment of civil penalties against the United States. Sierra Club and the Coalition countered with a motion for partial summary judgment on the same issue.

Concluding that the CWA waives sovereign immunity and authorizes civil penalties against the United States, the district court denied the agencies' motion to dismiss on January 19, 1990, and granted the plaintiffs' motion for partial summary judgment. *Sierra Club v. Lujan,* 728 F.Supp. 1513, 1518 (D.Colo.1990). On May 24, 1990, the district court approved a consent decree resolving all claims except the request for civil penalties. On June 14, 1990, the district court granted the agencies permission to file an interlocutory appeal under 28 U.S.C. § 1292(b). This appeal followed.

## II.

We review de novo a district court's decision regarding subject matter jurisdiction. *Kunkel v. Continental Casualty Co.,* 866 F.2d 1269, 1273 (10th Cir. 1989). We also review de novo a trial court's grant of summary judgment, which requires us to examine the evidence in the light most favorable to the nonmoving party to ascertain (1) whether any genuine issues of material fact exist and (2) whether the district court correctly applied the relevant substantive law. *Hokansen v. United States,* 868 F.2d 372, 374 (10th Cir. 1989). We may uphold " 'the granting of summary judgment if any proper ground exists to support the district court's ruling.' " *Id.* (quoting *Setliff v. Memorial Hosp. of Sheridan County,* 850 F.2d 1384, 1391–92 (10th Cir.1988)).

## III.

The United States, as sovereign, is immune from suit in the absence of its consent. *Library of Congress v. Shaw,* 478 U.S. 310, 315, 106 S.Ct. 2957, 2961–62, 92 L.Ed.2d 250 (1986). "[A] waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally ex-

pressed' " by Congress. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969)); *see Mitzelfelt v. Department of Air Force,* 903 F.2d 1293, 1294–95 (10th Cir.1990). A court must strictly construe a waiver in favor of the sovereign and may not extend it beyond what the language of the statute requires. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 686, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983).

The arguments raised by the federal agencies in this appeal and the responses of the Sierra Club and the Coalition are grounded on specific provisions of the Clean Water Act. The litigants pick and choose parts of a comprehensive statute to sustain their respective positions. Because certain provisions, at least facially, have the capability of appearing inconsistent, it is necessary to set forth the statutory provisions in detail. We emphasize that our task requires correlating and coordinating parts of each provision. Indeed, in jumping from section to section, we will be fitting together pieces of a statutory jigsaw puzzle.

Our beginning point is Section 313 of the Clean Water Act, 33 U.S.C. § 1323(a), which exposes the federal government to the responsibilities under the Act:

> Each department ... shall be subject to, and comply with, all Federal ... requirements ... and process and sanctions respecting the control and abatement of water pollution.... The preceding sentence shall apply ... to any process and sanction ... notwithstanding any immunity of such agencies, officers, agents, or employees under any law....

*Id.* From this, we proceed to examine other relevant portions of the Act.

This action is a citizen suit. Accordingly, we must consider the provision that authorizes citizen suits, as well as the statutory penalty provision it incorporates by reference. Commonly known as the citizen suits provision, Section 505(a) of the CWA, 33 U.S.C. § 1365(a), permits private citizens to file complaints

against any *person (including (i) the United States,* and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation....

*Id.* § 1365(a)(1) (emphasis added). The statute further provides:

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and *to apply any appropriate civil penalties under section 1319(d) of this title.*

*Id.* § 1365(a) (emphasis added).

The civil penalties authorized in the citizen suits provision are found in Section 309(d) of the CWA, 33 U.S.C. § 1319(d):

Any *person* who violates section 1311, 1312, 1316, 1317, 1318, 1328, or 1345 of this title, *or any permit condition or limitation implementing any of such sections in a permit issued under section 1342 of this title by the Administrator,* or by a State ... shall be subject to a *civil penalty* not to exceed $25,000 per day for each violation.

*Id.* § 1319(d) (emphasis added). The specific civil penalty set forth in section 1319(d), as incorporated by the citizen suits provision, applies here because the permit for the Leadville tunnel was issued by the EPA under the authority of 33 U.S.C. § 1342.

Two provisions of the Clean Water Act—applicable to all enforcement actions under the Act and thus not limited to citizen suits—also must command our attention. We have referred to one of these before—the provision in section 1323(a) subjecting federal agencies to the CWA and exposing them to stated liabilities. We now set forth this section in detail:

Each department, agency or instrumentality ... of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee thereof in the performance of his official duties, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges. *The preceding sentence shall apply ... to any process and sanction, whether enforced in Federal, State, or local courts* or in any other manner. This subsection shall apply *notwithstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law* .... No officer, agent, or employee of the United States shall be personally liable for any civil penalty arising from the performance of his official duties, for which he is not otherwise liable, and *the United States shall be liable only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court* ....

33 U.S.C. § 1323(a) (emphasis added).

Section 502 of the CWA, 33 U.S.C. § 1362, defines certain terms that are used in the Act. It specifically defines "person" as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." *Id.* § 1362(5).

Critical to our analysis is the comparison of section 1362(5), which defines "person" as used in the Act *generally*—a definition that does not include the federal government—and section 1365(a) of the citizen suits provision that specifically defines "person" as "including the United States."

With this as the statutory background, we now turn to the contentions of the parties.

## IV.

The federal agencies, as appellants, argue that the district court determined in-

correctly that the CWA contains an express, unequivocal and unambiguous waiver of sovereign immunity permitting imposition of civil penalties against the United States. They contend that the language and legislative history of the Act do not express Congress' intent to waive sovereign immunity regarding civil penalties. We reject these contentions and hold that both the plain language of sections 1323(a) and 1365(a) and the legislative history of the Act authorize the assessment of civil penalties against federal agencies for CWA violations. Specifically, we hold that these two statutory provisions contain language that *ipsissimis verbis* waives sovereign immunity.

### A.

The first contention of the Interior Department and the Bureau concedes that section 1323(a) subjects the federal government to the provisions of the CWA and waives sovereign immunity regarding the "requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution." They contend, however, that this waiver does not authorize civil penalties against the United States because such penalties are not "requirements" or "sanctions" as contemplated by the Act.

The words "process and sanctions" must be read together, they argue, to include only those monetary sanctions necessary to ensure compliance with judicial process. The statement in section 1323(a) that "the United States shall be liable only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court" has a very limited meaning according to them: It evidences only a waiver of sovereign immunity to traditional sanctions imposed to enforce judicial process and injunctive relief.

To support their interpretation, indeed to support all their contentions in this appeal, the federal agencies point to but one reported case—the district court opinion in *McClellan Ecological Seepage Situation v. Weinberger,* 655 F.Supp. 601 (E.D.Cal.

1986). The *McClellan* plaintiff had brought a citizen suit against the Department of Defense requesting injunctive relief, declaratory relief and civil penalties for violations of the CWA and the Resource Conservation and Recovery Act. *Id.* at 602. After examining section 1323(a), along with the citizen suits provision, 33 U.S.C. § 1365(a), the court determined that Congress had not clearly and unambiguously waived civil penalties against federal facilities. 655 F.Supp. at 605. Noting that section 1323(a) "is a compilation of ambiguity," the court concluded that it was impossible to determine whether Congress meant the "or" after "the United States shall be liable only for those civil penalties arising under Federal law" to be read as an "and" so that "imposed by a State or local court to enforce an order or the process of such court" stands by itself, or whether "civil penalties arising under Federal law" should be followed by the phrase "to enforce an order or the process of such court." *Id.* at 604.

But the *McClellan* case has not enjoyed enthusiastic acceptance. Indeed, it has spawned no progeny. Other courts that have considered this issue, including the district court in this case, have not found as ambiguous the language that worried the *McClellan* trial judge. *See State of Ohio v. U.S. Dep't of Energy,* 904 F.2d 1058 (6th Cir.1990); *Metropolitan Sanitary Dist. of Greater Chicago v. U.S. Dep't of Navy,* 722 F.Supp. 1565 (N.D.Ill. 1989); *State of Cal. v. U.S. Dep't of Navy,* 631 F.Supp. 584 (N.D.Cal.1986), *aff'd,* 845 F.2d 222 (9th Cir.1988). These cases uniformly agreed that the statute's waiver of sovereign immunity as to "sanctions" encompasses civil penalties.

This conflict in the case law—lopsided though it is—gives us our marching orders. When put in proper focus, the threshold question is: Does the term "sanctions" in "process and sanctions" set forth in section 1323(a) encompass "civil penalties"? Unlike the judge in *McClellan,* we have no problem answering this question in the affirmative because we think that the Su-

preme Court already has supplied the direction.

A "sanction" is "[t]hat part of a law which is designed to secure enforcement by imposing a penalty for its violation." *Black's Law Dictionary* 1203 (5th ed. 1979). The Supreme Court recently has held that civil penalties authorized by the CWA may be sanctions. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,* 484 U.S. 49, 53, 108 S.Ct. 376, 379, 98 L.Ed.2d 306 (1987); *United States v. Ward,* 448 U.S. 242, 249, 100 S.Ct. 2636, 2641–42, 65 L.Ed.2d 742 (1980). It bears emphasis that the same section 1323(a) that discusses "process and sanctions" also states that the United States shall be liable for "civil penalties." Thus, the sanctions authorized by section 1323(a) are also penalties, particularly when the same statute also permits "those civil penalties arising under Federal Law."

## B.

The reasoning expressed by the courts other than *McClellan* supports our conclusion that federal immunity has been waived here. The Court of Appeals for the Sixth Circuit held in *State of Ohio v. U.S. Department of Energy* that the express language of section 1323 "limits its waiver of sovereign immunity for civil penalties to those arising under federal law.'" 904 F.2d at 1061. Even the dissenting judge agreed that the language of section 1323 "undoubtedly encompasses civil penalties," *id.* at 1067 (Guy, J., dissenting), although Judge Guy disagreed with the conclusion that Ohio's cause of action arose under federal law. Unlike the permit in the case at bar, which the EPA issued under the authority of 33 U.S.C. § 1342, the *State of Ohio* permit was issued by the state under Ohio's statutory scheme. *See* 904 F.2d at 1068 (Guy, J., dissenting).

In *Metropolitan Sanitary District of Greater Chicago v. U.S. Department of Navy,* the district court noted that the purpose of the CWA "was to achieve compliance with new standards, not to simply compensate for injuries caused by existing practices," and that assessing penalties against federal facilities for CWA violations is entirely consistent with these goals. 722 F.Supp. at 1569. The court found "no special reason to adopt an artificially narrow construction of the language of § 1323(a)'s waiver of sovereign immunity." *Id.* Significantly, the court also observed that some courts interpret the term "requirements" in section 1323(a) to include penalties, *see, e.g., State of Me. v. Department of Navy,* 702 F.Supp. 322, 328 (D.Me. 1988), and commented that even if "requirements" does not refer to penalties, they surely are encompassed in the statute's provision that federal agencies shall be subject to " 'all … sanctions respecting the control and abatement of water pollution.' " 722 F.Supp. at 1570. Like the court in *State of Ohio,* the district court concluded that the language of section 1323(a) waives immunity as to civil penalties *arising under federal law. Id.* at 1570–72; *see State of Cal. v. U.S. Dep't of Navy,* 845 F.2d at 224–25 (holding that section 1323(a) authorizes civil penalties against federal facilities but does not permit states to seek such penalties).

## C.

The Supreme Court has cautioned us not to "import [total] immunity back into a statute designed to limit [governmental immunity]." *Indian Towing Co. v. United States,* 350 U.S. 61, 69, 76 S.Ct. 122, 126, 100 L.Ed. 48 (1955). It has warned that " '[t]he exemption of the sovereign from suit involves hardship enough where consent has been withheld. We are not to add to its rigor by refinement of construction where consent has been announced.' " *Block v. Neal,* 460 U.S. 289, 298, 103 S.Ct. 1089, 1094, 75 L.Ed.2d 67 (1983) (quoting *Anderson v. John L. Hayes Const. Co.,* 243 N.Y. 140, 147, 153 N.E. 28, 29–30 (1926) (Cardozo, J.)).

We therefore decline to accept the agencies' invitation to adopt the reasoning and decision in *McClellan.* We conclude that the interpretation of section 1323(a) offered by that district court is unduly restrictive. We hold that section 1323(a) expressly authorizes the courts to assess civil penalties

against federal agencies for violations of the CWA. Not only does the term "sanctions" encompass civil penalties, but this section also does not limit the use of such penalties merely to ensure compliance with judicial process. It clearly states that the waiver of immunity applies "to *any* process and sanction, whether enforced in Federal, State, or local courts *or in any other manner.*" 33 U.S.C. § 1323(a) (emphasis added). It also makes the United States liable for "civil penalties arising under Federal law." *Id.*

Because this lawsuit is based on alleged violations of a National System permit issued by the EPA, it arises under federal law. Thus, the district court did not err in determining that Congress had consented to the assessment of civil penalties against the United States through the enactment of section 1323(a).

### V.

The federal agencies next contend that the definition of "person" in the section applicable to the CWA *generally* pointedly excludes the federal government from the assessment of penalties. This section defines "person" as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." *Id.* § 1362(5).

As we have observed before, however, this general definition of "person" conflicts with the specific definition of "person" in the citizen suits provision allowing private citizens to file complaints "against any person (including (i) the United States)." *Id.* § 1365(a). The district court rejected the general definition of "person" in section 1362(5) in favor of the specific definition in the citizen suits statute, 33 U.S.C. § 1365(a). 728 F.Supp. at 1518. The court concluded that Congress expressly provided for the assessment of civil penalties against the United States under section 1319(d) when it enacted the citizen suits provision. *Id.*

Relying again on *McClellan*, the agencies argue that the definition of the word "person" in section 1319(d) must be sup-

plied by section 1362(5), and not by section 1365(a). We agree with the district court in this case that the general definition in section 1362(5) does not trump the definition of "person" in the citizen suits statute, 33 U.S.C. § 1365(a). We have held that "a specific statutory provision will govern notwithstanding the fact that a general provision, standing alone, may include the same subject matter." *United States v. Prescon*, 695 F.2d 1236, 1243 (10th Cir.1982). Applying this principle, we reject the reasoning in *McClellan* here as well, and conclude that the definition of "person" as used in section 1319(d) must be provided by the specific citizen suits provision, 33 U.S.C. § 1365(a), which includes the United States.

The case before us is a citizen suit. Thus, we will consider definitions under the citizen suits provision and not the general provision of the Clean Water Act. The district court determined correctly that section 1365(a)'s reference to the penalty provision in section 1319(d) manifests Congress' consent to the assessment of civil penalties against the United States.

### VI.

Finally, the federal agencies challenge the district court's determination that the legislative history of the CWA evidences Congress' intent to waive sovereign immunity regarding all civil penalties. They contend that the court improperly construed congressional silence in the CWA as a waiver of sovereign immunity. They also object to the district court's analogy to the legislative history of the Clean Air Act.

Because we hold that the language of sections 1323(a) and 1365(a) expressly waives the United States' sovereign immunity as to civil penalties, it is not necessary to delve into legislative history to justify our decision; the statutory language reveals Congress' intent. However, had it been necessary to resort to legislative history, we would hold that this history is not inconsistent with what we perceive to be the Congressional intent clearly expressed in the statutory language.

#### A.

In 1977 Congress amended the CWA in response to two Supreme Court decisions, *Hancock v. Train,* 426 U.S. 167, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976), and *Environmental Protection Agency v. California,* 426 U.S. 200, 96 S.Ct. 2022, 48 L.Ed.2d 578 (1976), which held that the Federal Water Pollution Control Act and the Clean Air Act "did not clearly and unambiguously demonstrate congressional intent to subject federal facilities to state permit requirements." *Sierra Club v. Lujan,* 728 F.Supp. at 1517. Congress specified in the 1977 amendment that federal facilities must comply with *all* requirements regarding pollution control, whether substantive or procedural, including "process and sanctions." *Id.; see United States v. State of Wash.,* 872 F.2d 874, 878 (9th Cir.1989).

In its report on the CWA Amendments of 1977, the Senate Committee expressed the purpose of the amendments:

> This act has been amended to indicate unequivocally that all Federal facilities and activities are subject to all of the provisions of State and local pollution laws. Though this was the intent of the Congress in passing the 1972 Federal Water Pollution Control Act Amendments, the Supreme Court, encouraged by the Federal agencies, has misconstrued the original intent.

S.Rep. No. 370, 95th Cong., 1st Sess. 67, *reprinted in* 1977 U.S.Code Cong. & Admin.News 4326, 4392. The district court here concluded that "[a]lthough the Senate Committee did not expressly mention civil penalties ... such sanctions are included in the Committee's emphatic statement that federal facilities are subject to 'all of the provisions' of state and local pollution regulations." 728 F.Supp. at 1517; *accord Metropolitan Sanitary Dist. of Greater Chicago v. U.S. Dep't of Navy,* 722 F.Supp. at 1571.

#### B.

The district court also determined that the legislative history of the Clean Air Act clearly indicates Congress' intent to waive the United States' immunity for civil penal-

ties. 728 F.Supp. at 1517. Although the agencies now resist the efficacy of an analogy to the Clean Air Act, they conceded in the district court that Congress revised the current version of section 1323(a) "to conform with a comparable provision in the Clean Air Act." H.R.Rep. No. 830, 95th Cong., 1st Sess. 93 (1977), 1977 U.S.Code Cong. & Admin.News 4468. The House Report on the Clean Air Act clearly demonstrates Congress' intent to waive sovereign immunity regarding civil penalties:

> This amendment is also intended to resolve any question about the sanctions to which noncomplying Federal agencies, facilities, officers, employees, or agents may be subject. The applicable sanctions are to be the same for Federal facilities and personnel as for privately owned pollution sources and for the owners or operators thereof. This means that Federal facilities and agencies may be subject to injunctive relief (and criminal or civil contempt citations to enforce any subject injunction), to *civil and criminal penalties,* and to delay compliance penalties.

H.R.Rep. No. 294, 95th Cong., 1st Sess. 200, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1077, 1279 (emphasis added).

Like a broken record, the agencies cite only *McClellan* to support their argument that the legislative history does not exhibit a consent to assessment of civil penalties. We find the *McClellan* court's analysis to be self-contradicting. On the one hand, it concluded that the CWA's legislative history was of no assistance and that if anything could aid the plaintiff, it was the legislative history of the Clean Air Act. 655 F.Supp. at 604. On the other hand, it refused to accept the Clean Air Act's legislative history as relevant to the CWA. *Id.* at 605. Significantly, the Clean Air Act clearly evidences a waiver of immunity regarding civil penalties. *Id.*

We repeat, for emphasis, that a resort to the legislative history is not necessary because the Congressional intent can be gleaned from the statutory language. Having said that, however, we believe that

the legislative history is not inconsistent with our conclusion that the plain language of sections 1323(a) and 1365(a) reveals Congress' intent to authorize the assessment of civil penalties against federal agencies.

### VII.

 We conclude, therefore, that Congress has waived the United States' sovereign immunity and authorized the imposition of civil penalties against federal agencies for Clean Water Act violations brought under its citizen suits provision. The judgment of the district court is AFFIRMED.