SIERRA CLUB and Colorado
Environmental Coalition,
Plaintiffs–Appellees,

v.

Manuel LUJAN, Jr., Secretary of the Interior, the United States Department of the Interior, C. Dale Duvall, Commissioner of Reclamation, and the United States Bureau of Reclamation, Defendants–Appellants.

No. 90–1183.

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 1992.

Adam Babich, Denver, Colo., for plaintiffs-appellees.

J. Steven Rogers, Jacques B. Gelin and Ellen J. Durkee, Attys., Environment & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Duane Mecham, Office of the Sol., U.S. Dept. of the Interior, Washington, D.C., Gina Guy, Regional Sol. U.S. Dept. of the Interior, Denver, Colo., for defendants-appellants.

McKAY, Chief Judge, ALDISERT * and McWILLIAMS, Circuit Judges.

ALDISERT, Senior Circuit Judge.

When this case was first before us, we were of the view that certain provisions of the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, waived sovereign immunity and permitted the assessment of civil penalties against the United States for past violations of the Act. *Sierra Club v. Lujan,* 931 F.2d 1421, 1429 (10th Cir.1991). Accordingly, we agreed with the district

---

\* Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

court's interpretation of the Act and affirmed the order that was the subject of this interlocutory appeal. *Id.*

The Supreme Court subsequently granted the federal appellants'.petition for a writ of certiorari, vacated our judgment and remanded the proceedings to us for further consideration in light of *United States Dep't of Energy v. Ohio,* — U.S. —, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992). *See Lujan v. Sierra Club,* — U.S. —, 112 S.Ct. 1927, 118 L.Ed.2d 535 (1992). Having studied the *Ohio* opinion and the parties' supplemental briefing,[1] we conclude that the opinion sweeps broadly and makes no distinction between a proceeding in which the pollution permit is issued by a state and one, such as here, in which the permit is issued directly by the Environmental Protection Agency (EPA). We conclude, therefore, that we must apply the Court's teachings that Congress has not waived the federal government's sovereign immunity from liability for punitive civil penalties imposed on a federal facility for past violations of the Clean Water Act. *See* — U.S. at —, 112 S.Ct. at 1631. Accordingly, we reverse the order denying the federal appellants' motion to dismiss the civil penalties claim for lack of subject matter jurisdiction and granting the appellees' motion for partial summary judgment.

## I.

The plaintiffs-appellees, Sierra Club and Colorado Environmental Coalition, filed this citizen suit under Section 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a), seeking mandatory and declaratory relief and civil penalties against the United States Department of the Interior and the Bureau of Reclamation for past violations of the Act.

The district court had jurisdiction under 33 U.S.C. § 1365(a) and 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1292(b), which permits interlocutory appeals, and Rule 5 of the Federal Rules of Appellate Procedure.

## II.

The facts are undisputed. In 1972 Congress enacted the Clean Water Act "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The Act makes it unlawful to discharge pollutants into navigable waters unless authorized under specific sections of the Act. *Id.* § 1311(a). It also establishes the National System, which allows EPA to issue permits authorizing the discharge of pollutants. *Id.* § 1342(a). Upon EPA approval, a state may administer its own permit program. *Id.* § 1342(b).

The Department of the Interior and the Bureau of Reclamation own and operate the Leadville tunnel in Lake County, Colorado. In 1975 EPA issued the Bureau a National System permit for the Leadville tunnel requiring the Bureau to ensure that drainage from the tunnel does not exceed specific effluent limitations and to submit to EPA a schedule for compliance. EPA has reissued the permit several times.

On January 13, 1989, Sierra Club and the Colorado Environmental Coalition filed a complaint in federal district court alleging that the Interior Department and the Bureau had violated the 1975 National System permit by failing to comply with certain requirements. They asked the court (1) to issue a mandatory injunction enjoining further permit violations, (2) to order the agencies to pay civil penalties and (3) to declare that the agencies are in violation of the Clean Water Act. The agencies moved to dismiss the civil penalties claim for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Act's waiver of sovereign immunity does not include the assessment of civil penalties against the United States. Sierra Club and the Coalition

---

1. After examining the supplemental briefs and record, this panel has determined unanimously that oral argument would not materially assist in the determination of this remand from the United States Supreme Court. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

countered with a motion for partial summary judgment on the same issue.

Concluding that the Act waives sovereign immunity and authorizes civil penalties against the United States, the district court denied the agencies' motion to dismiss on January 19, 1990, and granted the plaintiffs' motion for partial summary judgment. *Sierra Club v. Lujan*, 728 F.Supp. 1513, 1518 (D.Colo.1990). On May 24, 1990, the district court approved a consent decree resolving all claims except the request for civil penalties. The court then certified the question for interlocutory appeal, and we granted the federal appellants permission to file under 28 U.S.C. § 1292(b).

### III.

■ We review de novo a district court's decision regarding subject matter jurisdiction. *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989). We also review de novo a trial court's grant of summary judgment, which requires us to examine the evidence in the light most favorable to the nonmoving party to ascertain (1) whether any genuine issues of material fact exist and (2) whether the district court correctly applied the relevant substantive law. *Hokansen v. United States*, 868 F.2d 372, 374 (10th Cir. 1989).

### IV.

Before analyzing the legal rules involved here, we must identify the type of civil penalty at stake. The penalty assessed was not for a violation of a court order; it was not what the Court described in *Ohio* as a sanction "in its coercive sense," —— U.S. at ——, 112 S.Ct. at 1637, imposed " 'to enforce an order or the process of [a] court.' " *Id.* (quoting 33 U.S.C. § 1323(a)). Rather, it was in the nature of a "punitive fine[ ]," *id.*, imposed as punishment for violating a statutory provision, and not a court order. This distinction is important in light of the Court's determination in *Ohio*. There, the Court interpreted the Clean Water Act as permitting imposition of coercive penalties against the United States, but not

penalties in the form of "punitive fines." *Id.*

### V.

■ The United States, as sovereign, is immune from suit in the absence of its consent. *Library of Congress v. Shaw*, 478 U.S. 310, 315, 106 S.Ct. 2957, 2961–62, 92 L.Ed.2d 250 (1986). "[A] waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed' " by Congress. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (quoting *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)); *see Mitzelfelt v. Department of Air Force*, 903 F.2d 1293, 1294–95 (10th Cir.1990). A court must strictly construe a waiver in favor of the sovereign and may not extend it beyond what the language of the statute requires. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 686, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983).

Determining whether Congress has waived the United States' sovereign immunity and authorized the assessment of civil penalties against federal agencies for past violations of the Clean Water Act requires us to primarily consider two separate provisions of the Act. The first provision, known as the federal-facilities provision, 33 U.S.C. § 1323(a), subjects the federal government to certain requirements of the Act. It provides, in relevant part:

Each department, agency or instrumentality ... of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee thereof in the performance of his official duties, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges. *The preceding sentence*

*shall apply ... to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner. This subsection shall apply not-withstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law....* No officer, agent, or employee of the United States shall be personally liable for any civil penalty arising from the perform-ance of his official duties, for which he is not otherwise liable, and *the United States shall be liable only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court....*

*Id.* (emphasis added).

The second provision, commonly known as the citizen suits provision, 33 U.S.C. § 1365(a), permits private citizens to file complaints

against any *person (including (i) the United States,* and (ii) any other govern-mental instrumentality or agency to the extent permitted by the eleventh amend-ment to the Constitution) who is alleged to be in violation of (A) an effluent stan-dard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a stan-dard or limitation....

*Id.* § 1365(a)(1) (emphasis added). The statute further provides:

The district courts shall have jurisdiction, without regard to the amount in contro-versy or the citizenship of the parties, to enforce such an effluent standard or limi-tation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and *to apply any appropriate civil penalties under section 1319(d) of this title.*

*Id.* § 1365(a) (emphasis added).

We now turn to the Supreme Court's recent interpretation of these provisions.

## VI.

In *United States Dep't of Energy v. Ohio,* the Supreme Court considered "whether Congress has waived the Nation-al Government's sovereign immunity from liability for civil fines imposed by a State for past violations of the Clean Water Act." —— U.S. at ——, 112 S.Ct. at 1631. Interpreting the citizen suits provision of the Act, 33 U.S.C. § 1365(a), the Court con-cluded that the reference to the United States as a "person" goes only to the clause subjecting the United States to suit; it does not suggest a broader waiver of immunity. —— U.S. at ——, 112 S.Ct. at 1635.

The Court then interpreted the following portion of the federal-facilities provision ex-posing the federal government to "process and sanctions" under the Act:

[The] Federal Government ... shall be subject to, and comply with, all Federal State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution.... The preceding sentence shall apply ... to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner. This subsection shall apply notwithstanding any immunity of [United States] agencies, officers, agents, or employees under any law or rule of law.... [T]he United States shall be liable only for those civil penal-ties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court....

33 U.S.C. § 1323(a). The Court determined that "[t]he very fact ... that the text speaks of sanctions in the context of en-forcing 'process' as distinct from substan-tive 'requirements' is a good reason to in-fer that Congress was using 'sanction' in its coercive sense, to the exclusion of puni-tive fines." —— U.S. at ——, 112 S.Ct. at 1637.

The Court admittedly struggled, how-ever, with its interpretation of the final passage of section 1323(a), which subjects the United States to liability "only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court." The Court observed:

[T]he first modifier suggests that the civil penalties arising under federal law may indeed include the punitive along with the coercive. Nevertheless, a reading expansive enough to reflect a waiver as to punitive fines would raise a new and troublesome question about the source of legal authority to impose such a fine. As far as federal law is concerned, the only available source of authority to impose punitive fines is the civil-penalties section, [33 U.S.C.] § 1319(d). But, as we have already seen, that section does not authorize liability against the United States, since it applies only against "persons," from whom the United States is excluded.

*Id.* — U.S. at ——, 112 S.Ct. at 1638.

The Court reiterated that any tension in a provision purporting to waive sovereign immunity "is resolved by the requirement that any statement of waiver be unequivocal." *Id.* — U.S. at ——, 112 S.Ct. at 1639. The Court determined that although the statute's waiver for coercive fines was clear, the waiver for punitive fines was less certain. Applying the rule of narrow construction, the Court held that the Act's waiver of civil penalties went "no further than the coercive variety." *Id.*

### VII.

■ Sierra Club and the Coalition attempt to distinguish *Ohio* on the basis that the pollution permit in that case was issued by the State of Ohio pursuant to an EPA-approved state statutory scheme; the permit in this case was issued directly by EPA. They argue that when the government has violated a permit issued directly by EPA "under federal law," any confusion regarding the waiver of sovereign immunity in section 1323(a) disappears. Supp. Brief for Appellees at 4. They contend that section 1323(a) unambiguously waives sovereign immunity for punitive penalties for violations of federally issued permits.

We disagree. We believe that the Court's interpretation of section 1323(a) is not so narrow. After rejecting the State of Ohio's request to treat state-penalty provi-

sions as "arising under federal law," the Court observed:

The question is still what Congress could have meant in using a seemingly expansive phrase like "civil penalties arising under federal law." Perhaps it used it just in case some later amendment might waive the government's immunity from punitive sanctions. Perhaps a drafter mistakenly thought that liability for such sanctions had somehow been waived already. Perhaps someone was careless. The question has no satisfactory answer.

— U.S. at ——, 112 S.Ct. at 1639.

Notwithstanding the Court's stated uncertainty, we believe that the *Ohio* decision reinforces its "requirement that any statement of waiver be unequivocal." *Id.* Even though it "still" questions what "Congress could have meant in using a seemingly expansive phrase like 'civil penalties arising under federal law,'" *id.*, the bottom line is that the Court was convinced that Congress did not legislate an unequivocal waiver of sovereign immunity regarding the assessment of punitive civil penalties against the United States under the Clean Water Act. This being so, it necessarily follows that whether we have an EPA-issued permit or an EPA-approved state permit, the result is the same—no waiver of sovereign immunity.

### VIII.

Applying the teachings of the Court to the facts of this case, we hold that Congress has not waived the United States' sovereign immunity and authorized the imposition of punitive civil penalties against the federal appellants for past violations of the Clean Water Act. The order of the district court denying the federal appellants' Rule 12(b)(1) motion to dismiss the civil penalties claim for lack of subject matter jurisdiction and granting the appellees' motion for partial summary judgment is REVERSED.