**Ollie F. PRICE, III, Plaintiff–Appellant,**

v.

**UNITED STATES of America, as Trustee for the Heirs of Tissyroquet, Comanche Allotment No. 852, Defendant–Appellee,**

**and**

**Wilford Pahcoddy, an individual; Larry Gene Pahcoddy, an individual; Rosalie Pahcoddy Bennett, an individual; Lena Pahcoddy, an individual; Irene Pahcoddy Lane, an individual; Barbara Dean Baker, an individual; Bonnie Jean Baker, an individual, Defendants.**

**No. 92–6408.**

United States Court of Appeals, Tenth Circuit.

Oct. 18, 1993.

Wayne Krug, Lawton, OK, for plaintiff-appellant.

Myles E. Flint, Acting Asst. Atty. Gen., Washington, DC, Joe Heaton, U.S. Atty., M. Kent Anderson, Asst. U.S. Atty., Oklahoma City, OK, and Jacques B. Gelin and Peter A. Appel, Attorneys, Appellate Section, Environment and Natural Resources Div., Dept. of Justice, Washington, DC, for defendants-appellees.

Before LOGAN and BRORBY, Circuit Judges, and KANE,* District Judge.

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

BRORBY, Circuit Judge.

Plaintiff-appellant Ollie F. Price, III appeals from an order dismissing his partition action on the ground that the United States, an indispensable party, had not consented to be sued. Plaintiff contends that the United States has consented to be sued. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

Pursuant to 25 U.S.C. § 372, the United States granted Isabelle Sposet Mahseet, a non-Indian, a fee simple patent for an undivided 23/378th interest in certain land in Oklahoma. Mahseet conveyed the interest to plaintiff by warranty deed. The land was originally allotted to Tissyroquet, Comanche Allottee No. 852, pursuant to 25 U.S.C. § 348.[2] But for the interest patented to Mahseet and conveyed to plaintiff, the land remains a restricted Indian allotment held in trust by the United States.

Plaintiff commenced this action in Oklahoma state court, seeking a partition in kind. The United States, one of the named defendants, filed a notice of removal to federal district court. It then moved to dismiss, contending that it was an indispensable party to any action affecting Indian trust property, and that it had not consented to be sued. The district court agreed and granted the motion.

■ "The United States, as sovereign, is immune from suit save as it consents to be sued...." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). This principle applies to suits involving Indian lands the title to which the United States holds in trust. *Affiliated Ute Citizens of Utah v. United States,* 406 U.S.

128, 141–42, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972). We review de novo the district court's decision that sovereign immunity had not been waived. *See Bank of Oklahoma v. Muscogee (Creek) Nation,* 972 F.2d 1166, 1168–69 (10th Cir.1992).

Plaintiff does not dispute that the United States is an indispensable party to the partition action.[3] He argues that the sovereign immunity of the United States has been waived under 25 U.S.C. §§ 348 and 355.[4]

Section 355 provides in relevant part that "[t]he lands of full-blooded members of any of the Five Civilized Tribes are made subject to the laws of the State of Oklahoma, providing for the partition of real estate." However, the Cherokees, Chickasaws, Choctaws, Creeks, and Seminoles historically have been referred to as the "Five Civilized Tribes." *Indian Country, U.S.A., Inc. v. State ex rel. Oklahoma Tax Comm'n,* 829 F.2d 967, 970 n. 2 (10th Cir.1987), *cert. denied,* 487 U.S. 1218, 108 S.Ct. 2870, 101 L.Ed.2d 906 (1988). No claim is made that any of the land in dispute is that of a member of one of the Five Civilized Tribes. Section 355 is inapplicable to this case, and therefore cannot be the basis of a waiver of sovereign immunity.

Section 348 provides for the allotment[5] of tribal reservation lands. Under this section, upon the selection and approval of allotments, patents shall issue which shall declare

> that the United States does and will hold the land thus allotted, for the period of twenty-five years, in trust for the sole use and benefit of the Indian to whom such allotment shall have been made ... [a]nd if any conveyance shall be made of the lands set apart and allotted as herein pro-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. This section is part of the General Allotment Act of 1887, 25 U.S.C. §§ 331–34, 339, 341, 342, 348, 349, 354, and 381.

3. "A proceeding against property in which the United States has an interest is a suit against the United States." *Minnesota v. United States,* 305 U.S. 382, 386, 59 S.Ct. 292, 294, 83 L.Ed. 235

(1939). "Restricted Indian land is property in which the United States has an interest." *United States v. Hellard,* 322 U.S. 363, 366, 64 S.Ct. 985, 987, 88 L.Ed. 1326 (1944).

4. Because plaintiff neither raised nor addressed 28 U.S.C. §§ 1347, 2409, or 2409a, we do not discuss the applicability, if any, of these sections.

5. "Allotment is a term of art in Indian Law ... [that] means a selection of specific land awarded to an individual allottee from a common holding." *Affiliated Ute Citizens of Utah,* 406 U.S. at 142, 92 S.Ct. at 1466.

vided ... before the expiration of the time above mentioned, such conveyance ... shall be absolutely null and void.

Section 348. Under this section, "title to Indian lands is held in trust by the United States, and restrictions on alienation remain until a patent is issued carrying full and unrestricted title." *Begay v. Albers*, 721 F.2d 1274, 1279 (10th Cir.1983) (citation omitted). Section 348 renders it "impossible for an Indian allottee to sell, convey or in anywise encumber trust lands during the continuance of the trusteeship ... [which] was extended indefinitely." *Id.*

Plaintiff argues that through the following language of § 348, Congress granted state courts jurisdiction over partition actions after a fee patent has been issued: "[t]hat the law of descent and partition in force in the State or Territory where such lands are situate shall apply thereto after patents therefor have been executed and delivered, except as herein otherwise provided." He then argues that a waiver of sovereign immunity can be implied from this congressional authorization of a lawsuit in which the United States has an interest.

■ A waiver of sovereign immunity " 'cannot be implied but must be unequivocally expressed.' " *Sierra Club v. Lujan*, 972 F.2d 312, 314 (10th Cir.1992) (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976) (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969))); *see also United States v. Idaho ex rel. Director, Idaho Dep't of Water Resources*, —— U.S. ——, ——, 113 S.Ct. 1893, 1896, 123 L.Ed.2d 563 (1993). Section 348 does not contain an unequivocally expressed waiver of sovereign immunity. Nevertheless, plaintiff relies on *Minnesota v. United States*, 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939), for its statement that when Congress authorizes a lawsuit regarding matters in which the United States has an interest, it confers by implication permission to sue the United States. *See also United States v. Hellard*, 322 U.S. 363, 368–69, 64 S.Ct. 985, 988, 88 L.Ed. 1326 (1944) (authorization by § 355 to bring action to partition restricted Indian lands in state court confers by implication

permission to sue United States in state court).

■ The court in *Chemah v. Fodder*, 259 F.Supp. 910, 913 (W.D.Okla.1966), held that no federal statute including, presumably, § 348, provides consent to a suit in state court to partition property held in trust by the United States under the General Allotment Act. Although none of the parties in *Chemah* held a fee simple patent, as does plaintiff, we do not think this fact distinguishes *Chemah* from the present case. While there is no question that plaintiff's interest is governed by state law because it has been patented in fee, *see Larkin v. Paugh*, 276 U.S. 431, 439, 48 S.Ct. 366, 368, 72 L.Ed. 640 (1928), the trust under which the remainder of the interests in the land are held is " 'an agency for the exercise of a Federal power, and therefore outside the province of state or territorial authority.' " *United States v. Rickert*, 188 U.S. 432, 439, 23 S.Ct. 478, 481, 47 L.Ed. 532 (1903) (quoting 19 Op. Att'y Gen. 161, 169 (1888)). Under the General Allotment Act, "the laws of descent and partition in the state ... where the lands were located applied *after the trust period was over and patents were executed and delivered.*" Felix S. Cohen, Handbook of Federal Indian Law 131 (1982 ed.) (emphasis added). State partition law cannot be applied in this case because some of the interests in the land to be partitioned are held in trust by the United States. Consequently, because § 348 does not provide jurisdiction to the state court to entertain this partition action, a waiver of sovereign immunity cannot be implied from this provision.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.